FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 3 0 2021

~~KEVIN P. WEIMER~~ James N. Hatten, Clerk
By /s/ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>STONERIDGE HOLDINGS, INC., ERIC NEWELL, and SCOTT BOEDIGHEIMER,<br><br>     Defendants. | CIVIL ACTION<br>FILE NO. 1:17-CV-01816-SDG |

## JURY INSTRUCTIONS

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation or company is involved as a party must not affect your decision in any way. A company and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a company is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

You may hear answers that each party gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, the parties gave the answers in writing while under oath.

You must consider their answers as though they gave the answers on the witness stand.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you

4

must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You heard some discussion concerning whether documents were produced by the parties in discovery. The parties have satisfied their duties to produce evidence in this case, and as I have instructed you previously, you should consider only the testimony and exhibits admitted.

For reasons the Court deemed sufficient, one witness in this case presented his testimony live via video. A witness testifying by video is under oath and subject to the same penalties for perjury as a witness appearing live in the courtroom. Accordingly, you must weigh the testimony given by video in the same manner and give it the same weight as if it were presented in person in this courtroom.

In this case, Plaintiff SIS is pursuing two claims: (i) trade secret misappropriation against Defendants Stoneridge, Eric Newell and Scott Boedigheimer; and (ii) breach of contract against Stoneridge relating to the Mutual Confidentiality Agreement. Stoneridge, in turn, is pursuing a counterclaim against SIS for breach of contract, or an alternative counterclaim for services provided, both relating to an unpaid invoice.

It is the responsibility of the party bringing any claim to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the party making the claim.

Since more than one claim is involved in this case, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of

who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, you should find for the other party as to that claim.

With regard to Plaintiff's trade secret misappropriation claim against the Defendants, Plaintiff must prove the following facts by a preponderance of the evidence as to each Defendant:

1. That Plaintiff had one or more trade secrets; and
2. that Defendant misappropriated one or more of these trade secrets.

"Trade secret" means information, without regard to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:

(a) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

"Misappropriation" means:

(A) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(B) Disclosure or use of a trade secret of another without express or implied consent by a person who:

(i) Used improper means to acquire knowledge of a trade secret; or

(ii) At the time of the disclosure or use knew or had reason to know that the knowledge of the trade secret was:

(I) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(II) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

Where a trade secret was disclosed by its owner to a third party who, in turn, disclosed that information to one accused of misappropriation, to find misappropriation you must first find the third party had a duty to maintain the information as confidential. Such a duty can arise when a company discloses its trade

secret information based on an understanding that the information's use would be limited or kept confidential.

You must also find the recipient of the information knew or had reason to know of the third party's duty of confidentiality. A recipient may have reason to know of a third party's duty of confidentiality if it had reason to believe its own, similar information's use would be limited or would be kept confidential by the third party.

If you find that Plaintiff had one or more trade secrets and that any Defendant misappropriated one or more trade secrets, you are authorized to award Plaintiff damages for unjust enrichment against that Defendant. "Unjust enrichment" occurs if, as a result of the misappropriation, the Defendant received a benefit to which it or he was not entitled.

A contract is an agreement between two or more parties for the doing or not doing of some specified thing. The essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.

With regard to SIS's breach of contract claim against Stoneridge concerning the Mutual Confidentiality Agreement, the Mutual Confidentiality Agreement was a valid and binding contract from April 10, 2014 through and

including April 10, 2017. The Mutual Confidentiality Agreement became effective as of 12:01 a.m. on April 10, 2014.

SIS did not sign a written release of its claims against Stoneridge, Eric Newell or Scott Boedigheimer.

Stoneridge claims that to the extent any such breach occurred Plaintiff knew of Stoneridge's conduct and permitted the conduct by failing to object. The law is that where one's course of conduct leads another to believe that it will not insist upon the strict terms of a contract, one may not complain because the other contracting party relies upon its acquiescence, as evidenced by its actions in similar situations.

With regard to Plaintiff's claims for trade secret misappropriation and breach of contract, you may find Defendants liable even if you believe that API would have replaced SIS as an implementation partner anyway.

With regard to Plaintiff's breach of contract claim against Stoneridge concerning the Mutual Confidentiality Agreement, you may award only nominal damages. Nominal damages are generally defined as a trivial sum awarded where a breach of duty or an infraction of the plaintiff's right is shown. It is intended as a vindication of the right of the party who brings an action upon good cause, but it is not intended to compensate the party for the breach of the contract.

With regard to Stoneridge's breach of contract claim against SIS relating to its unpaid invoice, a party may be excused from performing under a contract because it mistook a fact. However, a party cannot be relieved of its contractual obligations based on a mistake of fact where an exercise of reasonable diligence could have discovered the truth.

As an alternative to its breach of contract claim, Stoneridge asserts a Services Provided claim against SIS relating to its unpaid invoice. In the absence of a valid contract, a party providing valuable services may be entitled to recover the reasonable value of the services rendered. This is because, ordinarily, when one renders service which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value of those services. The party providing services is entitled to recover the reasonable value if (1) it expects compensation at the time the services were rendered and (2) failure to compensate it would be unjust. However, if an express contract exists between the parties that contemplates the services rendered, the provider can only recover on a claim for breach of contract.

**[Following Closing Arguments]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.